UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISAINA

| | |
|---|---|
| **CCN MANAGED CARE, INC.** | * |
| | * |
| Plaintiff | * CIVIL ACTION NO. 2:06-CV-00519 |
| **VERSUS** | * |
| | * JUDGE TRIMBLE |
| **DR. FAYEZ SHAMIEH, AMC,** | * |
| **SOUTHWEST LOUISIANA HOSPITAL** | * MAGISTRATE JUDGE WILSON |
| **ASSOCIATION, d/b/a LAKE CHARLES** | * |
| **MEMORIAL HOSPITAL and** | * |
| **LAKE CHARLES MEMORIAL PHO,** | * |
| **ENGLAND MASSE CLINIC, COLUMBIA** | * |
| **WOMEN & CHILDREN'S HOSPITAL,** | * |
| **DR. R. DALE BERNAUER, DR. KEVIN** | * |
| **GORIN, AND DR. LYNN FORET** | * |
| | * |
| Defendants | * |

* * * * * * * * * * * * * * * * * * * * *

**MEMORANDUM IN SUPPORT OF
MOTION TO ABSTAIN AND DISMISS OR, IN THE
ALTERNATIVE, TO ABSTAIN AND STAY THIS CASE**

MAY IT PLEASE THE COURT:

### Introduction

In this new suit, in an incomplete Notice of Collateral Proceedings, the Plaintiff, CCN, has omitted any reference to some additional pertinent litigation. In specific, CCN has made no mention of the *Gunderson* State Court suit that resided here under Dkt. No. 04-cv-1242 between June 2004 and March 2005, when this Court rejected arguments for either federal question or diversity jurisdiction and remanded it. Likewise, CCN has not mentioned the *AIG* lawsuit under Dkt. No. 05-cv-00247, which this Court dismissed on May 11, 2005. The Court also denied AIG's motion to reconsider that dismissal. AIG initially appealed the dismissal, then on AIG's motion for dismissal, the Fifth Circuit Court dismissed that appeal on February 9, 2006.

In dismissing the *AIG* suit, this Court distinguished the result in *Liberty Mutual*, where it found grounds to exercise jurisdiction over that declaratory judgment action. In *Liberty Mutual*,

the Court was concerned that the primary issues could not be addressed by the State Office of Workers Compensation ["OWC"] hearing officer.  Although the Court did not comment on this, Liberty Mutual was also not a named party or putative class member in any state court litigation governing the issues it was asking the federal court to address.

Now, the issues that CCN would like to extract from State Court do not fit the rationale this Court applied to deny dismissal of the *Liberty Mutual* declaratory judgment action.  Instead, the rationale for dismissal of the *AIG* suit applies.  First, CCN's parent, First Health, is a named party defendant in the *Gunderson* State Court suit.  CCN is a putative member of the proposed defendant class.  First Health is being given the opportunity to assert and have the State Court hear any valid defenses, including the theories of defense asserted by CCN in this new suit, and there is no question but that the State Court has jurisdiction to do so.  A class certification hearing is scheduled to occur within the next few months, only postponed at the suggestion of First Health and the other named defendants.

Also unlike the situation when this Court addressed the motion to dismiss or stay the *Liberty Mutual* complaint, the issues CCN is raising here are now addressed in the *Shamieh* action filed in State Court.  CCN and First Health were named by plaintiffs in that suit, to get past their contention that the OWC court lacks jurisdiction.  CCN and First Health have participated in attempting to establish removal jurisdiction.  However, there are good grounds for remanding that case, which Magistrate Judge Hill will be making a recommendation upon shortly.  Until that jurisdictional issue is resolved, to simplify the proceedings on the remand motion, the *Shamieh* Plaintiffs dismissed CCN and First Health, without prejudice, under Rule 41(a)(1).  Otherwise, the dismissal of numerous defendants did not change the dispositive jurisdictional facts that the Court will be addressing on the remand motion in that case.

In addition to the good cause for granting the requested dismissal or at least a stay of this action, considered by itself, the Court may find additional good cause for the same relief, in view of related developments.  To date, another four businesses who are indeed putative class defendants in the State Court *Gunderson* suit, have now filed four separate declaratory actions naming parties that are either named proposed class plaintiffs or putative members of the proposed plaintiff class in the *Gunderson* State Court action.[1]  Clearly these concerted parallel efforts are the opposite of any genuine effort to achieve economy, for all the same reasons noted above.  Instead, at first blush, these concerted efforts actually appear to violate 28 USC 1927.

With this additional background, the most recent reported Louisiana Federal District Court decision addressing issues quite similar to those presented by this Motion is *Essex Insurance Company v. Bourbon Nite-Life L.L.C., et al*, 2006 U.S. Dist. LEXIS 4816 (E.D. La. 02/09/2006).  Rather than repeat the well-reasoned analysis in that opinion, Defendants herein respectfully suggest that the same dismissal and/or a stay is appropriate in this case, based on the same authorities, including the standards articulated in *Brillhart v. Excess Insurance Company of America*, 316 U.S. 491, 62 S.Ct. 1173, 86 L.Ed. 1620 (1942), reaffirmed in *Wilton v. Seven Falls Co.,* 515 U.S. 277, 115 S.Ct. 2137, 132 L.Ed.2d 214 (1995):

> "Where another suit involving the same parties and presenting opportunity for ventilation of the same state law issues is pending in state court, a district court [entertaining the declaratory judgment action] might be indulging in 'gratuitous interference'."  *Wilton*, 515 U.S. at 283, as cited in the *Essex* opinion.

Again, in the *Liberty Mutual* case referenced in CCN's Notice of Collateral Proceedings, it was significant that Liberty Mutual:  (1) did not have the status of being either:  (a) a named

---

[1] *Crawford and Company v. Southwest Louisiana Hospital Association d/b/a Lake Charles Memorial Hospital, et al,* Docket No. 06-cv-0514, filed 03/27/2006, initially assigned to Judge Minaldi's docket; *Corvel Corporation v. MedComp USA, Inc., et al*, Docket No. 06-cv-0523, filed 03/28/2006, initially assigned to Judge Trimble's docket; *Corvel Corporation v. Pain Management – Kevin Gorin, MD, et al*, Docket No. 06-cv-0524, filed 03/29/2006, initially assigned to Judge Minaldi's docket; and *Sentry Insurance a Mutual Company v. Southwest Louisiana Hospital Association d/b/a Lake Charles Memorial Hospital, et al,* Docket No. 06-cv-00570, filed 04/03/2006, initially assigned to Judge Minaldi's docket.

party [or corporate affiliate of a named party]; or (b) a putative class defendant in the *Gunderson* State Court suit; and (2) there was no pending state district court litigation in which the issues raised by Liberty Mutual were being addressed.  For those reasons, instead of dismissing or staying that case [as occurred in the *AIG* case], the Court elected to exercise jurisdiction over the declaratory judgment action.  There are no such grounds for avoiding the good cause for a dismissal or at least a stay in this suit.  CCN's parent, First Health, is indeed a named party defendant in the *Gunderson* State Court Suit, that is, a party whose effort to establish federal court jurisdiction over that case failed, in the opinion of this same Honorable Court.  CCN is also a putative class defendant in the *Gunderson* Suit.  All the named defendants in this suit are either named plaintiffs or members of the putative plaintiff class in the *Gunderson* State Court suit.  The only other case acknowledged by CCN in its Notice of Collateral Proceedings, namely, *Shamieh v. American Interstate Insurance Company*, is presently on hold pending resolution of the plaintiff's motion to remand that case, soon to be addressed by a report and recommendation from Magistrate Judge Hill.

In this context, all the factors set forth by the U.S. Fifth Circuit in *Travelers Ins. Co. v. Louisiana Farm Bureau Federation, Inc.*, 996 F.2d 774 (5th Cir. 1993) are satisfied, those factors being:

1) whether there is a pending state action in which all of the matters in controversy can be fully litigated;
2) whether the plaintiff filed suit in anticipation of a lawsuit filed by the defendant;
3) whether the plaintiff engaged in forum shopping in bringing this suit;
4) whether possible inequities in allowing the declaratory judgment action plaintiff to gain precedence in time or to change forum exist;
5) whether the Federal Court is a convenient forum for the parties and for the witnesses; and
6) whether retaining the lawsuit in Federal Court would serve the purpose of judicial economy.

The *Gunderson* and, as necessary, the *Shamieh* original state court suits clearly satisfy point No. 1, as a pending state court action or actions in which all the matters in controversy can be fully litigated, making No. 2 inapplicable.  First Health and CCN can plead defenses in *Gunderson* that, if meritorious, address all issues they are now attempting to extract and assert in this suit.  They could have asserted them in *Shamieh* instead of attempting an unfounded removal.  Upon remand, they can intervene in *Shamieh* if they choose.  Likewise, upon remand, the Plaintiffs in *Shamieh* are free to have the Court address what parties can properly be cumulated in that action and, as appropriate, bring CCN and First Health back into that suit.

CCN filed this suit long after plaintiffs filed the *Gunderson* Suit in State Court in April, 2004, and after CCN was included in the *Shamieh* suit.  CCN is now trying to somehow distinguish CCN from the role of its parent, First Health.[2]  CCN is indeed forum shopping.  There would be inequity in rewarding First Health/CCN's effort to avoid the result of its original, unsuccessful effort to establish federal jurisdiction over these issues, between 2004 and 2005.  This Court is no more convenient a forum for the parties and for the witnesses, compared to the state court, both being here in Lake Charles.  Retaining this new lawsuit in federal court would not serve the purpose of judicial economy, given that the results of the *Gunderson* State Court suit, both in terms of class certification and on the merits, involve the application of Louisiana law and resolution of questions under state law that the appellate courts in Louisiana will ultimately determine, despite every effort by First Health/CCN and their fellow defendants in the *Gunderson* State Court suit to postpone and avoid same.

---

[2] Defendants expect CCN counsel to acknowledge that CCN is indeed a wholly owned subsidiary or affiliate of First Health, one of the six named defendants in the proposed plaintiff class and defendant class action, that is, the *Gunderson* State Court suit.  CCN should also stipulate that it is also a putative class defendant in that action.  In one or both of those postures, CCN cannot dispute that the relief it is requesting in this suit can be fully addressed in and by the State Court.  For CCN to take any different position would be quite disingenuous.

In the *Gunderson* State Court action, First Health counsel [the same counsel representing CCN here] have already pled defenses specifically on behalf of CCN, that is, "Community Care Network, Inc."[3], referred to in short as "CCN". [See attached Exhibit A]. The fact that First Health and CCN chose to defer CCN issues until a later stage of that suit does not change the fact that they have acknowledged that the state court forum can address their collective defenses.

First Health and CCN have also demonstrated their ability to actually seek relief on these issues in a more judicially economical approach than their more recent delaying and forum shopping tactics. Through the same counsel who are representing CCN here, on January 28, 2005, "CCN, Inc."[4] moved to intervene in support of the defendants' appeal in *Primeaux v. K-Mart*. As previously noted for this Court, the *Primeaux* case that was docketed in the Louisiana Third Circuit Court of Appeal provided the impetus for the *Gunderson* proposed plaintiff class and defendant class action. CCN asked for its intervention to be approved on an expedited basis, since the oral argument was set for February 1, 2005 [attached Exhibit C]. Then, on January 31, 2005, the defendants dismissed the appeal, with prejudice, instead of asking the Third Circuit to address the merits of issues still involved in the *Gunderson* State Court suit, which First Health/CCN are still trying to extract and to litigate here [see attached Exhibit D].

CCN/First Health does not have a valid basis for asking this Court to exercise jurisdiction over this declaratory judgment action, given their failure to meet the six factor test noted above. Accordingly, this Court should apply the well-recognized principle that "unnecessary interference with state court litigation should be avoided." *See also*, *Colony Insurance Company v. Glen Holley d/b/a Holley Construction, et al*, 2002 U.S. Dist. LEXIS 22889 (E.D. La.

---

[3] "Community Care Network" was just the original corporate name of the same entity filing this action, at some point renamed "CCN Managed Care, Inc." However CCN is named or referenced, by its own admission it is a wholly owned subsidiary of First Health. Now, First Health in turn is a wholly owned subsidiary of Coventry Health Care, Inc. [See attached Exhibit B on all the possible name variations].

[4] Same a/k/a, wholly owned subsidiary relationship to First Health.

- 6 -

11/26/2002); and *Advance America, et al v. Tahisha N. King, et al*, 2006 U.S. Dist. LEXIS 7215 (N.D. Ga. 2/7/2006). Like First Health/CCN, Advance America lost both an unfounded federal question removal effort and an attempted declaratory action, in which the Court correctly declined to exercise jurisdiction.

Finally, if the Court has any questions as to the distinction between circumstances at issue on this new suit by CCN and the *Liberty Mutual* decision, as opposed to applying the same rationale that this Court used to dismiss the *AIG* suit, it should be noted that the *Liberty Mutual* decision modified by the amended judgment entered April 12, 2006, is not final and will be timely appealed by Defendants [on or before May 12, 2006]. At the very least, Defendants are entitled to a stay of this suit pending the outcome of that appeal.

At this time, Movers do not believe it should be necessary to go into any more detail in support of these motions. However, Movers will certainly address any questions the Court may have and Movers also request the opportunity to reply to any opposition filed by Plaintiff, CCN/First Health.

Respectfully submitted,

**COX, COX, FILO & CAMEL**

By:    s/Thomas A. Filo
   THOMAS A. FILO (La. BR #18210)
   MICHAEL K. COX (La. BR #22026)
   723 Broad Street
   Lake Charles, LA 70601
   Telephone: 337 436-6611

ATTORNEYS FOR DR. FAYEZ SHAMIEH, AMC; SOUTHWEST LOUISIANA HOSPITAL ASSOCIATION d/b/a LAKE CHARLES MEMORIAL HOSPITAL; LAKE CHARLES MEMORIAL PHYSICIAN HOSPITAL ORGANIZATION; ENGLAND-MASSE CLINIC; COLUMBIA WOMEN & CHILDREN'S HOSPITAL; R. DALE BERNAUER; DR. KEVIN GORIN; and DR. LYNN FORET

**STOCKWELL, SIEVERT, VICCELLIO,
CLEMENTS & SHADDOCK, L.L.P.**

By:     s/William B. Monk
   JOHN S. BRADFORD (La. BR #03369)
   WILLIAM B. MONK (La. BR #09551)
   One Lakeside Plaza, Fourth Floor
   Lake Charles, LA 70601
   Telephone: 337 436-9491
    Fax:  337 493-7210

CO-COUNSEL FOR DR. FAYEZ SHAMIEH, AMC;
SOUTHWEST LOUISIANA HOSPITAL ASSOCIATION
d/b/a LAKE CHARLES MEMORIAL HOSPITAL; LAKE
CHARLES MEMORIAL PHYSICIAN HOSPITAL
ORGANIZATION; DR. KEVIN GORIN; and
DR. LYNN FORET

**OF COUNSEL:**
STEPHEN B. MURRAY (La. BR #9858)
ARTHUR M. MURRAY (La. BR #27694)
NICOLE IEYOUB (La. BR #28088)
**THE MURRAY FIRM**
909 Poydras Street, Suite 2550
New Orleans, LA 70112-4000
Telephone: 504 525-8100

- 8 -

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing Memorandum in Support of Motion to Abstain and Dismiss or, in the Alternative, to Abstain and Stay this Case was filed electronically with the Clerk of Court using the CM/ECF system.  Notice of this filing will be sent by operation of the court's electronic filing system to:

Larry E. Demmons
ldemmons@taggartmorton.com tdixon@taggartmorton.com;ablauvelt@taggartmorton.com

Perry R. Staub, Jr.
pstaub@taggartmorton.com swalker@taggartmorton.com;ablauvelt@taggartmorton.com

Mark Edward Van Horn
mvanhorn@taggartmorton.com

Lake Charles, Louisiana this 20th day of April, 2006.

           s/William B. Monk
WILLIAM B. MONK (La. BR #09551)
**STOCKWELL, SIEVERT, VICCELLIO, CLEMENTS & SHADDOCK, L.L.P.**
One Lakeside Plaza, Fourth Floor
Lake Charles, LA 70601
Telephone: 337 436-9491