RECEIVED
IN LAKE CHARLES, LA

MAY 1 8 2006

ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| CCN MANAGED CARE, INC. | CIVIL ACTION NO.: 06-CV-0519 |
| VERSUS | |
| DR. FAYEZ SHAMIEH, AMC., SOUTHWESTERN LOUSIANA HOSPITAL ASSOCIATATION, d/b/a LAKE CHARLES MEMORIAL HOSPITAL and LAKE CHARLES MEMORIAL PHO, ENGLAND MASSE CLINIC, COLUMBIA WOMEN & CHILDREN'S HOSPITAL, DR. R. DALE BERNAUER, DR. KEVIN GORIN, AND DR. LYNN FORET | JUDGE: TRIMBLE  MAGISTRATE JUDGE: HILL |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## WOMEN AND CHILDREN'S HOSPITAL, LLC d/b/a WOMEN AND CHILDREN'S HOSPITAL'S MEMORANDUM IN SUPPORT OF THEIR 12(b) MOTION TO DISMISS THIS CASE

### INTRODUCTION

Earlier, defendants filed with this court a Motion to Abstain or Stay. Women and Children's Hospital (WCH) adopts all of the arguments made by counsel for all defendants in that well pleaded motion. Here, WCH urges this court to dismiss the action under FRCP Rule 12(b) because plaintiff is asking this court to exercise jurisdiction and render a declaratory judgment when declaratory relief is an improper vehicle for the relief plaintiffs seek. Also dismissal under section 12(b) is proper as to the complaint does not have the proper jurisdictional amount, diversity is not complete as to this defendant and the complaint, under Illinois law, fails to state a claim upon which relief can be granted.

1

## ADDITIONAL SUPPORT FOR THE PROPOSITION
## THE COURT SHOULD ABSTAIN OR DISMISS

In *TORCH, Inc. v. LeBlanc*, 91-3193, 947 So. 2nd 193 (La. Appeals 5th Cir.) the United States Fifth Circuit upheld the dismissal of a request for Declaratory Judgment based on the opinion of the state court proceeding and ruled that such was not the abuse of discretion. In so doing, the Fifth Circuit clearly stated that declaratory relief is a matter of District Court discretion. See also *Mission Insurance, Co. v. Puritan Fashion Corp.* 706 So. 2nd 599, 601 (5th Cir. 1983). Also, as noted in *TORCH*, one of the grounds in denying declaratory relief is when a suit is filed for the purpose of forum shopping. Thus, in *TORCH*, to allow declaratory judgment in this case, like in *TORCH*, allows a substitution for the traditional procedures for adjudicating a contract case and it is not the purpose of declaratory judgment to act in such a manner. This theory was recognized earlier by the Fifth Circuit in *Texas Employers Insurance Association v. Jackson*, 862 So. 2nd 491 (5th Cir. 1998). The Texas case involved the authority of the Federal Court to enjoin the prosecution of a previously filed state court civil suit and declare the purported state law causes of action preempted by a federal law. In *Texas*, the Fifth Circuit said that the Injunctive Statute like the Declaratory Judgment Statute can not be used when there are impending state court actions. A case directly on point, is *Houston General Insurance Company v. Taylor Lumber and Treating, Inc.*, Civ. Action 96-1523, 1997 WL 40633(ED Louisiana). In *Houston General Insurance Company*, Judge Sear explained the Declaratory Judgment Acts 28 U.S.C. 1332. There, an Insurance Company sought a Declaratory Judgment arguing its policy did not obligate it to defend or indemnify the defendant. In the present case, CCN wishes this court to declare its contract valid. Judge Sear, echoing language that has been used in other cases stated:

2

> In determining whether to dismiss a declaratory judgment action, the district court must address several factors, including, but not limited to: (1) whether there is a pending state action in which all of the matters in controversy may be fully litigated; (2) whether the declaratory plaintiff filed suit in anticipation of a lawsuit filed by defendant; (3) whether the declaratory plaintiff engaged in forum shopping in bringing the declaratory judgment action; (4) whether possible inequities in allowing the declaratory plaintiff to gain precedence in time or to change forums exist; (5) whether the federal court is a convenient forum for the parties and witnesses; and (6) whether retaining the lawsuit in federal court would serve the purposes of judicial economy. *St. Paul Insurance Co. v. Trejo*, 39 F.3d 585, 591 (5th Cir.1995); These factors take into consideration the goals of the Declaratory Judgment Act, which include affording an early adjudication of an actual controversy and avoiding a multiplicity of suits in various forums. *Rowan Companies, Inc. v. Griffin*, 876 F.2d 26, 29 (5th Cir.1989).

If this Honorable Court is not convinced that the present action was brought improvidently and should be dismissed using the discretion of the court the United States Supreme Court case of *Wilton v. Seven Falls Company*, 515 U.S. 277, 115 S.Ct.2137, 132 L. Ed.2nd 214 (1995) closes the door on all arguments. *Wilton* stands for the singular proposition that the district court is not only authorized to exercise its discretion to stay or dismiss a case which seeks declaratory judgment before trial, but also that such declaratory judgments yield to considerations of practicality and wise judicial administration **even if the federal court has jurisdiction**. Thus, CCN's suit should be dismissed. For a case much closer to home see *Clarendon America Insurance Company v. Hawkins Foster Real Estate Services, et al*, Civ. Action 04-1923, 2005 WL 1523332 where Judge James using *Wilton's* criteria dismissed an action which sought declaratory judgment from the Federal Court relative to coverage.

## LACK OF DIVERSITY

Additionally, as can be seen from the attached CCN/WCH contract, CCN identifies a Louisiana office in New Orleans. Under the Fifth Circuit's "total activity"

3

test set forth in *Teal Energy USA, Inc. v. GT, Inc.*, 369 D. 3d 873 (5th Cir. 2004) the "nerve center" and "place of activities" is identified by CCN, the plaintiff, to be New Orleans. Additionally, per this contract <u>all</u> of the income is generated in Louisiana. For these reasons diversity does not exist under *Teal* and, thus, the case should be dismissed

## LACK OF AMOUNT IN CONTROVERSY

On its face, plaintiff's complaint alleges an insufficient amount in controversy to meet the federal minimum established by *28 U.S.C. 1332*. The plaintiffs tell this Court the amount is $28,136.17. Even adding attorneys fees the amount climbs not to $75,000.00 because the attorneys fees, assuming **any** would be awarded on this non claim, would be apportioned among all of the defendants.

Plaintiffs know this to be so and a weak part of their complaint as they attempt to dance around the issue of the amount in controversy in paragraph 17 of their pleading. Unfortunately, besides citing a case that is no longer authority, the principals of that case simply do not apply to this defendant. Specifically, *Dow Agrosciences, L.L.C. v. Bates*, 332 F. 3d 323 (5th Cir. 2003) was vacated and remanded by the United States Supreme Court in 2005, *Bates v. Dow Agrosciences, L.L.C,* 544 U.S. 431, 125 S. Ct. 1788, 161 L. Ed. 2d 687 (2005).

There are no punitive, treble damages or the like to artificially inflate the $28,136.17 claim to more than $75,000.00. This is all the more true when this Court understands that, as of this memorandum, CCN has continued to send patients to WCH and WCH has continued to bill and accept CCN's discounted payments for its services. See affidavits of William F. Willis the CEO and Gary Troutman, CFO of WCH attached as WCH Exhibit 2 and 3. In point of fact, given these affidavits, it is difficult to see what

4

CCN is complaining about! They have lost not a cent as a result of <u>this</u> defendant's actions. It is equally easy to understand why vacated and remanded cases are used to support their house of cards.

Even if this Court were to accept CCN's paranoiac assertions, the facts simply bare out of two overriding matters as to defendant, Women and Children's Hospital:

1. CCN has lost not a penny on this contract to date;

2. At this point in time the value of the right to be protected is equal to CCN's loss, *i.e.*, zero.

See, *e.g.*, *St. Paul Insurance Co., Ltd. V. Greenburg*, 134 F. 3d 1250, 1252-1253 (5th Cir. 1998), *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 586, 82 L. Ed 845 (1938).

What is abundantly clear is that as to this defendant, the jurisdictional amount is not met.

### FAILURE TO STATE A PROPER CLAIM

As recounted a number of times, in a number of different contexts, this "claim" is an attempt by CCN, disguised as a contract action, to have this Court short circuit earlier and properly filed state court actions and "declare" certain portions of Louisiana law to have various effects. As pointed out in this and earlier pleadings, this Court should not accept plaintiff's tainted invitation to broaden historically limited federal jurisdiction.

Defendant, WCH, now illuminates for the Court the reason why plaintiff's complaint fails to even state a claim [contract] upon which relief can be granted.

The contract in question mandates disputes shall be settled in accordance with Illinois law. Also, as established earlier, there has been no breach or damage yet

5

occasioned by defendant's actions. Thus, plaintiff's theory must be under the common law doctrine of anticipatory breach. Under that doctrine as defined by the courts of Illinois, WCH actions must manifest a definite and unequivocal intent **not to render performance under the contract.** *Bituminous Casualt Corp. v. Commerical Union Insurnace Co.*, 652 N.E. 2d 1192 (Ill. App. 1995) 273 Ill. App. 3d 923, *Student Transit Corp. v. Bd. of Education*, 76 Ill. App. 3d 366, 395 N.E. 2d 69 (Ill. App. 1979). There is, and can be, no evidence by plaintiff that WCH has caused plaintiff to either end the contract or have detrimentally changed their positions. *Builders Concrete Co. v. Fred Faubel & Sons, Inc.*, 58 Ill. App 3d 100, 373 N.E. 2d 863 (Ill. App. 1978). This is, of course, because as noted, *supra.*, the parties are still operating under the contract.

There is no breach of contract and there is no anticipatory breach of contract recognized under Illinois law. This complaint fails to state any claim upon which relief can be granted.

## CONCLUSION

Women and Children's Hospital shows this court additional case authority to dismiss CCN's actions as improvidently brought and/or brought when it knew to a virtual certainty there were pending state causes of action where its rights could be afforded ample and clear hearing. Women and Children's Hospital asks this court to exercise its discretion and dismiss this matter.

Additionally Women and Children's Hospital urges this Court to refuse to allow CCN to usurp the Declaratory Judgment Act for contract disputes and dismiss the action for lack of subject matter jurisdiction, to-wit: CCN does not establish complete diversity jurisdiction and lacks the requisite jurisdictional amount.

Finally, CCN fails to state a claim upon which relief may be granted. For all of these reasons CCN's Complaint should be dismissed.

RESPECTFULLY SUBMITTED,

_____
JACQUELINE G. GRIFFITH (#18922), T.A.
CHARLES O. TAYLOR (#19869)
*CHEHARDY, SHERMAN, ELLIS,*
*BRESLIN, MURRAY, RECILE &*
*GRIFFITH, LLP*
One Galleria Boulevard, Suite 1100
Telephone: (504) 833-5600
Fax: (504) 613-4528
Metairie, Louisiana 70001
Attorneys for Women & Children's
Hospital, L.L.C. d/b/a Women & Children's
Hospital

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing pleading has been sent to the following counsel of record in these proceedings by United States Mail, postage prepaid, this 16 day of May, 2006:

THOMAS A. FILO
**COX, COX, FILO, CAMEL & WILSON, L.L.P.**
723 Broad Street
Lake Charles, Louisiana 70601

WILLIAM B. MONK
**STOCKWELL, SIEVERT, VICCELLIO, CLEMENTS & SHADDOCK, L.L.P.**
One Lakeside Plaza, Fourth Floor
Lake Charles, LA 70601

PERRY STAUB, JR.
**TAGGAR MORTON**
1100 Poydras Street
Suite 2100
New Orleans, Louisiana 70163

BENJAMIN MOUNT
**ATTORNEY AT LAW**
1011 Lakeshore Drive
Suite 200
Lake Charles, Louisiana 70601

_____
JACQUELINE G. GRIFFITH