RECEIVED
IN LAKE CHARLES, LA
JUL - 7 2006
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| CCN MANAGED CARE, INC. | : | DOCKET NO. 06-519 |
| VS. | : | JUDGE TRIMBLE |
| DR. FAYEZ SHAMIEH, AMC, ET AL | : | MAGISTRATE JUDGE HILL |

## MEMORANDUM RULING

Before the Court are the following two motions: (1) "Motion to Abstain and Dismiss or, in the Alternative, to Abstain and Stay this Case (doc. #8) filed by defendants, Dr. Fayez Shamieh, AMC, Southwest Louisiana Hospital Association d/b/a Lake Charles Memorial Hospital, Lake Charles Memorial Physician Hospital Organization, England-Masse Clinic, Columbia Women & Children's Hospital, R. Dale Bernauer, Dr. Kevin Gorin and Dr. Lynn Foret, and (2) "Women and Children's Hospital, L.L.C., d/b/a Women and Children's Hospital's 12(b)(1) & 12(b)(6) Motion" (Doc. #13) filed by defendant, Columbia Women and Children's Hospital, d/b/a/ Women and Children's Hospital. In these motions the defendants urge the court to abstain, dismiss, or stay the instant case because similar cases are pending in state court. Defendant, Women and Children's Hospital seeks to have the case dismissed because there is a lack of complete diversity, failure to meet the requisite jurisdictional amount of $75,000.00, and failure to state a claim upon which relief can be granted.

## FACTUAL STATEMENT

The following facts are alleged in the original "Complaint for Declaratory Judgment and Breach of Contract": Plaintiff, CCN Managed Care, Inc., ("CCN") develops comprehensive hospital

and professional provider networks offering said network to employers, insurance carriers, and other payor clients who seek contractual access to the CCN network of preferred providers. In developing its provider network, CCN contracted with the defendants in this suit pursuant to Professional Care Provider Agreements ("Provider Agreements"). Pursuant to the Provider Agreements, Defendants contractually agreed to render medical services to worker's compensation claimants at agreed upon discounted rates, to the insured of payors that contracted with CCN. Pursuant to agreements between CCN and various payors, CCN agreed to make available to those payors the discounted rates agreed to by Defendants.

On January 11, 2005, Defendants filed suit against CCN in the 14th Judicial District Court in an action entitled *Dr. Fayez Shamieh v. American Interstate Insurance Company*.[1] The *Shamieh* case sought a declaratory judgment that the PPO network discounts taken by the named defendants were unenforceable under Louisiana law, particularly Louisiana Revised Statute articles 23:1203, 1034.2, 1033, and 40:2203.1. The case was subsequently removed to this Court. Immediately after removal, Plaintiffs filed a voluntary dismissal of 117 of the 124 defendants previously added by amendment.

CCN alleges that there exists a controversy between the parties regarding the legality of the PPO contracts signed by Defendants. CCN submits that the PPO contracts signed by Defendants are valid and enforceable and seeks a judicial declaration of the legality of these contracts under Louisiana law. CCN has also asserted a breach of contract claim against the Defendants.

---

[1] Although originally filed as a claim for damages by Dr. Shamieh against only American Interstate Insurance Company, the Petition was amended to add 21 additional plaintiffs (including all named defendants herein) and 124 additional defendants (including CCN).

## LAW AND ANALYSIS

*Motion to abstain and dismiss*

In *Gunderson v. F.A. Richard & Associates, Inc., et al*,[2] a suit currently pending in state court, three plaintiffs filed suit against six defendants, one of which is First Health Group Corp. ("First Health"). Defendants maintain that the instant case should be dismissed because CCN is the parent of First Health Defendants and also is a putative member. Defendants also urge this Court to dismiss the suit because all of the issues CCN is raising here are addressed in *Shamieh v. American Interstate Ins. Co.*,[3] which is currently pending on the docket of this Court.

The Fifth Circuit defines parallel actions as those involving the same parties and the same issues.[4] CCN argues that the parties in the instant suit are not the same as the parties in the *Gunderson* or *Shamieh* litigation and furthermore, the issues are different.

CCN filed this suit against eight (8) healthcare providers: Dr. Fayez Shamieh, AMC, Southwest Louisiana Hospital Association d/b/a Lake Charles Memorial Hospital, Lake Charles Memorial PHO, England-Masse Clinic, Columbia Women & Children's Hospital, Dr. R. Dale Bernauer, Dr. Kevin Gorin and Dr. Lynn Foret. In *Gunderson*, the plaintiffs are Clark A. Gunderson M.D., the Beutler-England Chiropractic Clinic and Frank Lopez and the defendants are F.A. Richard & Associates, Inc., First Health Group Corp., Focus Healthcare Management, Inc., Cambridge Integrated Services Group,

---

[2] 2004-02417, Section "D," 14th Judicial District Court, Parish of Calcasieu.

[3] 2006-CV-0242.

[4] See, e.g., *American Guarantee & Liability Ins. Co. v. ANCO Insulations, Inc.*, 408 F.3d 248 (5th Cir. 2005); *Diamond Offshore Co. v. A&B Builders, Inc.*, 302 F.3d 531 (5th Cir. 2002); *Republicbank Dallas National Association v. McIntosh*, 828 F.2d 1120 (5th Cir. 1987); *Hartford Acc. & Indem. v. Costa Lines Cargo Serv.*, 903 F.2d 352 (5th Cir. 1990); *PPG Industries, Inc. v. Continental Oil Co.*, 478 F.2d 674, 682 (5th Cir. 1973); *Doerle's Quarterboats, Inc. v. Been Weeks, Co.*, 1995 WL 747470 (E.D. La. ).

Inc., National Loss Control Management, Inc., AIG Claim Services, Inc., and Southwest Louisiana Hospital Association, d/b/a Lake Charles Memorial Hospital. CCN is not a named defendant in the *Gunderson* litigation, and this Court will not speculate as to whether or not the action will be certified as a class. Furthermore, excepting Southwest Louisiana Hospital Association, the defendants in this case are not named plaintiffs in the *Gunderson* litigation. As to the *Shamieh* litigation, CCN is not a party to that case.[5] Because the parties to the *Gunderson* and *Shamieh* litigation are not presently parallel, this Court finds no justification warranting dismissal or abstention of the instant case.

*Motion to stay*

Currently pending on this Court's docket is *Liberty Mutual Ins. Co. v. Gunderson, et al*, Civil Action No. 04-CV-2405. In *Liberty Mutual*, we held that there were no prohibitions in the Louisiana Workers' Compensation laws that prevented a provider from agreeing to charge and receive discounted rates for the services they provided to occupationally ill or injured workers. The issues this Court decided in *Liberty Mutual* are the same issues in the instant case. *Liberty Mutual* is currently on appeal to the Fifth Circuit. In the interest of judicial economy and because the issues are virtually identical, the Court is inclined to stay this case pending the Fifth Circuit's ruling in *Liberty Mutual*.

*Motion to dismiss pursuant to 12(b)(1)*

Defendant, Columbia Women and Children's Hospital ("Women and Children's"), maintains that the instant action should be dismissed because there is a lack of compete diversity, the amount in controversy is less than $75,000.00, and the complaint fails to state a claim upon which relief can be granted. Women & Children's asserts that in a contract between CCN and itself, CCN identifies a

---

[5] CCN notes that it was originally named a defendant, but was later dismissed voluntarily by the Plaintiffs.

4

Louisiana office in New Orleans. Based on that contract, Women and Children's, citing *Teal Energy USA, Inc. v. GT, Inc.*,[6] maintains that CCN's "nerve center" and "place of activities" is in Louisiana, thus destroying complete diversity. The Court finds no merit to this argument. In their Memorandum, Women & Children's states that there is contract attached. There is no contract attached to their Memorandum or Motion, or submitted to this Court for review. Even if a contract between CCN and Women & Children's was attached, a contract alone that identifies a Louisiana address is not sufficient to challenge the allegation that CCN's principal place of business is in California. The "total activity" test to determine a corporation's principal place of business requires a court to consider two "focal points:" the location of the corporation's "nerve center" and its "place of activities."[7] In examining the totality of the acts, the court looks at the corporation's organization and the nature of its activities to determine which of these focal points predominates.[8] Generally, "when considering a corporation whose operations are far flung, the sole nerve center of that corporation is more significant in determining principal place of business ..., when a corporation has its sole operation in one state and executive offices in another, the place of activity is regarded as more significant ..., but when the activity of a corporation is passive and the 'brain' of the corporation is in another state, the situs of the corporation's 'brain' is given greater significance...."[9] The Court agrees with CCN that the simple designation of an office in a state does not relegate that state as the corporation's principle place of business, nor does it properly challenge the jurisdiction of the party invoking federal jurisdiction.

---

[6] 369 F.3d 873 (5th Cir. 2004).

[7] *J.A. Olson v. City of Winona, Miss.*, 818 F.2d 401, 406 (5th Cir. 1987).

[8] *Id.*

[9] *Id.* at 411.

Women & Children's maintains that the jurisdictional amount is not satisfied in the instant case. The amount in controversy is "the value of the right to be protected or the extent of the injury to be prevented."[10] In paragraph 14 of their Complaint, CCN alleges that the amount in controversy is $28,136.17 plus penalties and attorney fees pursuant to Louisiana Revised Statute 23:1201(F), and penalties pursuant to Louisiana Revised Statute 40:2203.1 *et seq*. The amount of penalties and attorney fees that CCN could be held liable for is staggering. Accordingly, Women & Children's assertion that CCN has not alleged the requisite amount in controversy is without merit.

*Failure to state a claim*

Federal Rule of Civil Procedure 12(b)(6) allows dismissal of a complaint when it fails to state a claim upon which relief can be granted. In considering a Rule 12(b)(6) motion, the Court must accept the factual allegations of the complaint as true and resolve any ambiguities or doubts regarding the sufficiency of the claim in plaintiff's favor.[11] "In order to avoid dismissal for failure to state a claim, a plaintiff must plead specific facts, not mere conclusory allegations. . . ."[12] "Legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss."[13] "[T]he complaint must contain either direct allegations on every material point necessary to sustain a recovery . . . or contain allegations from which an inference fairly may be drawn that evidence on these material

---

[10] *Dow Agrosciences, LLC v. Bates*, 332 F.3d 323 (5th Cir. 2003); *Leininger v. Leininger*, 705 F.2d 727, 729 (5th Cir. 1983).

[11] *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996); *Fernandez-Montes v. Allied Pilots Ass'n*. 987 F.2d 278, 284 (5th Cir. 1993); *Brumberger v. Sallie Mae Servicing Corp.*, 2003 WL 1733548, *1 (E.D. La. March 28, 2003).

[12] *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992).

[13] *Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995).

points will be introduced at trial."[14]

Women & Children's maintains that CCN has failed to state a claim because there has been no breach or damage yet occasioned by the defendant's actions. CCN alleges in their complaint that Women & Children's agreed to accept a discounted amount for the treatment of worker's compensation patients in exchange for participation in the CCN network. CCN further alleges that by filing suit in the *Shamieh* case and seeking the difference between those agreed upon rates and the fee schedule, Women & Children's breached its contract with CCN. Accepting those allegations as true, CCN does state a claim upon which relief can be granted.

## CONCLUSION

Based on the foregoing, the motion to abstain and dismiss the instant case will be denied; the motion to stay the case will be granted; the motion to dismiss pursuant to 12(b)(1) will be denied; and the motion to dismiss pursuant to 12(b)(6) will be denied.

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 7th day of July, 2006.

JAMES T. TRIMBLE, JR.
UNITED STATES DISTRICT JUDGE

---

[14] *Campbell v. City of San Antonio*, 43 F.3d 973, 975 (5th Cir. 1995).