

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| CCN MANAGED CARE, INC. | : | DOCKET NO. 06-519 |
| VS. | : | JUDGE TRIMBLE |
| DR. FAYEZ SHAMIEH, ET AL | : | MAGISTRATE JUDGE HILL |

## MEMORANDUM RULING

Before the Court is a "Motion to Strike Defendants' Answer and Counterclaim" (doc. #96) and a "Motion to Strike Defendants' Expert Witness List" (doc. #99)[1] filed by Plaintiff, CCN Managed Care, Inc. ("CCN") wherein the mover seeks to strike Defendants' recently filed answer and counterclaim because it is untimely, and mover further seeks to strike Defendants' expert witness list and/or witnesses because their testimony is either immaterial and/or irrelevant to the trial currently set for September 8, 2008.

## FACTUAL STATEMENT

For a recitation of the facts in this case, see the factual statement in the Memorandum Ruling dated July 7, 2006 (doc. #18).

## LAW AND ANALYSIS

*Motion to strike witness list and/or witnesses' testimony*

CCN maintains that the Defendants' Expert Witness List, as amended,[2] and their affidavits

---

[1] CCN filed a motion in limine to exclude Defendants' witnesses' testimony (doc. #115) which is substantively the same motion.

[2] Defendants' witnesses include Brian Heller, Jonathan Dore, and Pika Sdrougias,

should be stricken or excluded because the witnesses' testimony is irrelevant and/or immaterial. Federal Rule of Civil Procedure 12(f) states that a court may strike from a pleading any "insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." The test for determining materiality on a motion to strike is whether the matter alleged as immaterial has any possible bearing on the issues set for trial.[3]

Defendants argue that its experts are relevant to CCN's breach of contract claim because it will necessarily include issues regarding whether CCN contracted directly with "payors." The Court disagrees. The limited scope of the instant declaratory action includes the validity of the discounting provisions of CCN's contracts with the defendant providers, and whether or not the direct contracts between CCN and the providers are exempt from the notice provisions of Louisiana Revised Statute 40:2203.1A. The scope of the declaratory action does not include the payors and/or the chain of contracts used to access the CCN network, nor will the trial involve the operation of the P.P.O. industry as a whole. Accordingly, the testimony and affidavits of Defendants' experts are immaterial and irrelevant to the issue of breach of contract and attorneys fees to be tried.

*Motion to strike answer and counterclaim*

CCN moves to have the Answer and Counterclaim (doc. #91) filed by Defendants on June 26, 2008 stricken from the record because it is untimely. The instant lawsuit was filed on March 28, 2006. CCN complains that it would be severely prejudiced by Defendants' answer and counterclaim because (1) Defendants waited over 27 months to file it, (2) CCN has already sought and obtained summary judgment in its favor on the main demand, (3) the dispositive motion deadline has expired, (4) the discovery deadline has expired, and (5) Plaintiff's expert witness deadline has passed. The

---

[3] See *Federated Dept. Stores, Inc. v. Grinnell Corp.*, 287 F.Supp. 744 (S.D.N.Y. 1968).

Court also notes that the answer and counterclaim was filed 74 days before the trial date.

CCN cites *McLemore v. Landry*,[4] wherein the Fifth Circuit upheld the district court's decision to strike as untimely a defendant's counterclaim where it was filed "six months after moving for summary judgment, five and one-half months after the FSLIC moved for summary judgment, six weeks after the court's ruling on these motions, and almost three years after [Plaintiff] first filed suit."[5] Defendants' answer and counterclaim in this case was filed over one year after CCN moved for summary judgment, 11 months after this Court granted CCN's motion for summary judgment and 27 months after this suit was filed.

Defendants give no explanation for the delay in filing their answer and counterclaim on the eve of trial and after all pertinent deadlines have lapsed. Defendants argue that barring them from filing an answer and counterclaim would lead to the resolution of the case without consideration of all issues relevant to the merits of CCN's claims. The Court disagrees. The merits of the main demand were decided in this Court's Memorandum Ruling and Judgment rendered on July 20, 2007.[6] Defendants opposed the motion for summary judgment as to the relevant issues of CCN's main demand. The Court also notes that the counterclaims asserted by Defendants are beyond the limited scope of this declaratory action. As previously stated, the instant action does not involve contracts between CCN and its payors and/or how said payors accessed the CCN network. Accordingly, the Court agrees with CCN that it would be severely prejudiced by allowing the answer and counterclaim to be filed into the record at this late date, now less than one month before

---

[4] 898 F.2d 996 (5th Cir. 1990).

[5] *Id.* at p. 1003.

[6] Docs. #85 and 86.

3

trial.

## CONCLUSION

For the reasons set forth above, the motion to strike the Defendants' witness list and/or expert witnesses' testimony will be granted, and the motion to strike the answer and counterclaims will be granted.

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 26th day of August, 2008.

JAMES T. TRIMBLE, JR.
UNITED STATES DISTRICT JUDGE