RECEIVED
IN LAKE CHARLES, LA
MAR 23 2009
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| CCN MANAGED CARE, INC. | : | DOCKET NO. 06-519 |
| VS. | : | JUDGE TRIMBLE |
| DR. FAYEZ SHAMIEH, ET AL | : | MAGISTRATE JUDGE HILL |

### ORDER

Before the Court is "Defendants' Motion for Reconsideration" (doc. #149) wherein the movers seek to have this Court vacate and set aside a "Final Judgment"[1] dated February 2, 2009. This Court granted CCN's motion for summary judgment on July 2, 2007[2]; subsequently, CCN moved to dismiss the breach-of-contract claims for attorney fees.[3] The voluntary motion to dismiss was granted and the Court entered final judgment on its previous grant of declaratory judgment to CCN.[4]

The basis for Defendants' request is that it claims to have only recently learned that CCN Managed Care ("CCN") had voluntarily merged into First Health Group Corp.("First Health") in December 2006. First Health is a named defendant in a class action proceeding in Louisiana state court entitled *Gunderson, et al v. F.A. Richard & Assoc., et al*,[5] and the Defendant-providers in this action are either named Plaintiffs or members of the certified Plaintiff Class in the *Gunderson* class

---

[1] Doc. #148.

[2] Docs. #85 & 86.

[3] Doc. #147.

[4] Doc. #148.

[5] Docket no. 04-CV-1242.

action. Thus, because CCN, since December 2006, merged into First Health, Defendants argue that this Court is barred by the Anti-Injunction Act from entering a final declaratory judgment. Defendants assert under Federal Rule of Civil Procedure 7.1 that CCN was required to file a corporate disclosure statement and/or supplement said statement upon any change in the information of the corporations' existence. However, Defendants provide no explanation as to why during the discovery process, they were unable to ascertain these entities' merger.

CCN argues that on the date the case was filed, CCN was a completely separate entity from First Health Group Corp. CCN and First Health maintained different networks, had distinct rates of reimbursement with health care providers, and distinct contractual relationships with their clients.[6]

CCN argues that First Health provider agreements are not at issue in this case, and that First Health is not required to be substituted for CCN in this case pursuant to Federal Rule of Civil Procedure 25(c). Rule 25(c) provides that:

> [i]f an interest is transferred, the action may be continued by or against the original party unless the court, on motion, orders the transferee to be substituted in the action or joined with the original party.

Whether to substitute or join a party is within the discretion of the trial court and is determined by considering how the conduct of the lawsuit will be most facilitated.[7] The transferring of assets of a corporation engaged in litigation and its effect on the lawsuit is governed by state law.[8] CCN was a California corporation with its principal place of business in Illinois. First Health was a Delaware

---

[6] See affidavit of Art Lynch, attached to Doc. #11 as Exhibit C.

[7] See *West v. Giancontieri*, 1997 WL 816296 (E.D. La.1997). See also *Organic Cow, LLC v. Ctr. for New England Dairy Compact Research*, 335 F.3d 66, 71(2nd Cir. 2003).

[8] *Jazzland, Ltd. v. Bordenave*, 1999 WL 243820, *2 (E.D. La. 1999). See also *Covington Grain Co., Inc. v. Deal*, 638 F.2d 1357, 1361 (5th Cir. 1981); *Virgo v. Riviera Beach Associates, Inc.*, 30 F.3d 1350, 1358 (11th Cir. 1994).

corporation with its principal place of business in Maryland. CCN further argues that under Louisiana, California and Delaware state law, a dissolved corporation continues to exist for purpose of prosecuting and or defending actions.[9]

Rule 25(c) is procedural only and does not affect the substantive rights of the parties.[10] The district court has broad discretion to order substitution, deny substitution, or direct that the transferee be joined as an additional party.[11] The Court finds no basis for requiring First Health to be substituted for CCN. The contracts at issue in the instant declaratory action were signed on behalf of CCN as a separate and distinct entity. This Court's ruling on the declaratory action will have no effect on contracts signed on behalf of First Health. Accordingly, it is

**ORDERED** that the motion for reconsideration is hereby **DENIED.**

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 23rd day of March, 2009.

JAMES T. TRIMBLE, JR.
UNITED STATES DISTRICT JUDGE

---

[9] West's Ann.Cal.Corp. Code § 2010(a). See also *Penasquitos Inc. v. Superior Court*, 53 Cal.3d 1180, 1186-1187, 283 Cal.Rptr. 135, 812 P.2d 154 (1991); La. R.S. 12:148(C); *Tiger Ho, LLC v. DiGiovanni*, 952 So.2d 744, 745 (La.App. 4 Cir. 2007); *Q.E.R., Inc. v. Hickerson*, 880 F.2d 1178, 1181 (10th Cir. 1989) citing Del. Code Ann.Tit. 8, § 278 (1983).

[10] *Covington Grain Co.*, 638 F.2d at 1361.

[11] *Finova Capital Corp. v. Lawrence*, 2000 WL 1808276, at *1 (N.D.Tex. 2000) *accord, Jazzland, supra.*