RECEIVED
IN ALEXANDRIA, LA.

NOV 0 2 2009

TONY R. MOORE. CLERK
BY_____
        DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

CCN MANAGED CARE, INC.          :          DOCKET NO. 06-519

VS.                              :          JUDGE TRIMBLE

DR. FAYEZ SHAMIEH, AMC, ET AL    :     MAGISTRATE JUDGE HILL

## MEMORANDUM RULING

Before the Court is a "Motion for Permanent Injunction" (doc. #157) filed by declaratory

plaintiff, CCN Managed Care, Inc. ("CCN") wherein the mover seeks to permanently enjoin

defendants, Dr. Fayez Shamieh, AMC, Southwest Louisiana Hospital Association, d/b/a Lake

Charles Memorial Hospital, Lake Charles Memorial Physician Hospital Organization, England-

Masse Clinic, Dr. R. Dale Bernauer, Dr. Kevin Gorin and Dr. Lynn Foret (collectively referred to

as "Defendant-providers") pursuant to the re-litigation exception to the Anti-Injunction Act[1] and the

All Writs Act.[2] The injunction sought would prevent the Defendant-providers from re-litigating in

any court or administrative agency in the State of Louisianan the issues of (1) whether the Louisiana

Workers' Compensation Act, Louisiana Revised Statutes § 23:1031 *et seq.* permits discounting

below the Louisiana Workers' Compensation Fee Schedule, (2) whether the CCN Provider

Agreements are valid and enforceable under the Louisiana's Workers' Compensation Act, and (3)

whether CCN is and its payors are, exempt from the notice provisions of Louisiana Revised Statutes

---

[1] 28 U.S.C. § 2283.

[2] 28 U.S.C. § 1651(a).

§ 40:2203.1.

The Defendant-providers maintain that the motion for the permanent injunction should not be granted because this Court lacks jurisdiction. Alternatively, the Defendant-providers maintain that the injunction should be limited in scope to not include CCN's "payors," and the injunctive relief should not include Dr. Shamieh because he recently obtained a judgment in the Office of Workers' Compensation ("OWC"). In the OWC, the judge ruled against two defendants; it was determined that these defendants improperly discounted their bills using the CCN network. The ruling is currently on appeal to the Third Circuit Court of Appeal, thus, Defendant-providers maintain that the injunction would violate the *Rooker-Feldman* doctrine.

## PROCEDURAL HISTORY

On July 20, 2007, this Court denied the Defendant-provider's motion to compel arbitration, and granted CCN's motion for summary judgment finding that the CCN contracts are valid and enforceable because there are no prohibitions in the Louisiana Workers' Compensation Act[3] that would prevent a provider from agreeing to charge and receive discounted rates for the services they provide to occupationally ill or injured workers,[4] and that the CCN Provider Agreements are "direct contracts" specifically exempted from the notice requirements of the Any Willing Provider Act pursuant to Louisiana Revised Statute 40:2203.1A.[5]

On January 29, 2009, CCN filed a voluntary motion to dismiss with prejudice, its remaining unresolved claims for breach of contract and attorneys fees against the Defendant-providers. CCN

---

[3]  LSA-R.S. § 23:1033,  *et al.*

[4]  See Memorandum Ruling pp. 23-24 and Judgment (Docs. #85 and 86).

[5]  *Id.*  at p. 24.

2

also requested that the July 20, 2007 Judgment be made final.  On February 2, 2009, the undersigned granted CCN's motion dismissing the remaining claims and made the Judgment final.[6]  The Defendant-providers filed a motion for reconsideration which was denied on March 23, 2009.[7]

On April 21, 2009, Defendant-providers filed a notice of appeal as to the Final Judgment[8] and the denial of the motion for reconsideration.[9]  On September 22, 2009, CCN filed the instant motion for permanent injunction.

## LAW AND ANALYSIS

*Does the Court lack jurisdiction?*

The Defendant-providers maintain that because they filed a notice of appeal, we are now divested of jurisdiction and thus prohibited from issuing an injunction.  The Defendant-providers cite *Griggs v. Provident Consumer Discount, Co.,* [10] for its position that the notice of appeal was an event of jurisdictional significance which divested this Court of jurisdiction "over those aspects of the case involved in the appeal."  The Court notes that the purpose stated by the United States Supreme Court in *Griggs* of divesting the district court of jurisdiction upon a notice of appeal being filed was "to prevent unnecessary appellate review."[11]  The issue in *Griggs* was the timing of a notice of appeal and that of a motion to alter or amend a final judgment.  The concern was the danger that

---

[6]  Doc. #148.

[7]  Doc. #152.

[8]  Doc. #148.

[9]  Doc. #152.

[10]  459 U.S. 56, 58 (1982).

[11]  *Griggs*, 459 U.S. at 59, 103 S.Ct. 400, 402.

3

of a district court and court of appeal simultaneously analyzing the same judgment.[12]

In *Farmland, Inc. v. Anel Eng'g Indus., Inc.*,[13] the Fifth Circuit held that while "[g]enerally, when an appeal is noticed the district court is divested of jurisdiction . . . [t]he rule . . . is not absolute.  The district court maintains jurisdiction as to matters not involved in the appeal, such as the merits of an action when appeal from a preliminary injunction is taken[.]"  Also in *Plaquemines Parish Commission Council v. United States*,[14] the court held that although an appeal was pending from a desegregation order, the district court retained jurisdiction to enforce its prior orders.  CCN also cites *Britton v. Co-op Banking Group*,[15] and *Motorola Credit Corp. V. Uzan*,[16] which held that the district court has jurisdiction to engage in further proceedings where a motion to compel arbitration remains on appeal.[17]

The All Writs Act[18] permits courts to "issue all writs necessary or appropriate in aid of their jurisdictions and agreeable to the usages and principles of law."  Unlike a traditional injunction, an

---

[12]  *Id.*

[13]  693 F.2d 1140, 1145 (5th Cir. 1982).

[14]  416 F.2d 952 (5th Cir. 1969).

[15]  916 F.2d 1405, 1412 (9th Cir. 1990)(holding that an appeal from a judgment denying a motion to compel arbitration "does not deprive the district court of jurisdiction over other proceedings in the case.")

[16]  388 F.3d 39, 54 (2d Cir. 2004) *cert. denied,* 544 U.S. 1044 (2005)(holding that "[f]urther district court proceedings in a case not involved in 'the appeal of an order refusing arbitration,' and . . . a district court therefore has jurisdiction to proceed[.]")

[17]  See also *RA Investments, LLC v. Deutsche Bank, Ag, et al.,* 2005 U.S. Dist. LEXIS 9961*11 (N.D. Tex. 2005).

[18]  28 U.S.C. § 1651(a).

injunction under the All Writs Act is not predicated on a cause of action.[19]  Rather, the movant "must simply point to some ongoing proceeding, or some past order or judgment [of the court], the integrity of which is being threatened by someone else's action or behavior."[20]  Although the All Writs Act does not independently confer subject-matter jurisdiction on federal courts, it does "authorize a federal court "to issue such commands. . . as may be necessary or appropriate to effectuate and prevent the frustration of orders it has previously issued in its exercise of jurisdiction otherwise obtained."[21]  Hence, a district court may enjoin proceedings in a different forum when it "is seeking to protect the integrity or enforceability of an existing judgment or order."[22]  We conclude that the notice of appeal has not divested us of jurisdiction to protect our prior judgment, and that pursuant to the All Writs Act, we have the authority to protect that judgment.

*Should the CCN "payors" be included in the injunction?*

The Defendant-providers maintain that the injunction being sought is too broad because it includes "authorized payors" who are not parties to the suit citing *Taylor v. Sturgell.*[23]  Defendant-providers complain that CCN made no allegations about and put on no evidence related to the existence, identity or contracts of any alleged payors.  Thus, these "authorized payors" are unidentifiable.  CCN maintains that privity exists between the Preferred Provider Organization

---

[19]  *Klay v. United HealthGroup, Inc.,* 376 F.3d 1092, 1097 (11th Cir. 2004).

[20]  *Id.*

[21]  *In re American Honda Motor Co. Inc., Dealerships Relations Litigation,* 315 F.3d 417 (4th Cir. 2003)(citations omitted).

[22]  *Klay,* 376 F.3d at 1104.

[23]  128 S.Ct. 2161, 2171 (2008).

("PPO") and its payors because of the contractual relationships.  We agree. The Fifth Circuit has

already decided that privity exits between parties to a PPO contract and a Provider Agreement.[24]

Specifically, the court held that:

> this court finds that First Health and its "payors" are in privity with Liberty Mutual.
> "Privity is a 'legal conclusion that the relationship between the one who is a party on
> the record and the non-party is sufficiently close to afford application of the principle
> of preclusion.' " As this Court explained in *Howell Hydrocarbons, Inc. v. Adams,* a
> party is in privity with a party for *res judicata* purposes "if the party adequately
> represented his interest in the prior proceeding."[25]   Liberty Mutual and other
> "payors" entered into Provider Agreement contracts with First Health.   Liberty
> Mutual and First Health actively disputed Gunderson's claims that (1) the discount
> provisions contained in the Provider Agreements are unenforceable, and (2) that the
> payment provisions contained in the Provider Agreements do not apply to group
> purchasers or to agreements of group purchasers.   The contractual relationship
> between First Health and its payors, as well as identical litigation position against
> Gunderson in suits over these contractual provisions, evidence to this Court that First
> Health and its "payors" are in privity with Liberty Mutual.[26]

The Court is aware that there may be "payors" that have improperly taken discounts pursuant

to the CNN Provider Agreements.  The Court is just as concerned with "payors" who are part of a

contractual chain that would include a "silent PPO" which would not be exempt from the notice

provisions in Louisiana Revised Statue § 40:2203.1.

The injunction will apply to the CCN Provider Agreements at issue in this case.   The

injunction will apply to " authorized payors" who can establish a contractual relationship with CCN

and who can be properly identified in the payor lists pursuant to the CCN Provider Agreements.

---

[24]  *Liberty Mutual Ins. Co . v. Gunderson,* 305 Fed.Appx. 170 (5th Cir. 2008).

[25]  897 F.2d 183, 188 (5th Cir. 1990).

[26]  *Liberty Mutual Ins. Co.,* 305 Fed.Appx. at 176.(citations omitted)

*Does the Rooker-Feldman doctrine apply?*

Defendant-providers maintain that with respect to Dr. Shamieh, entry of the requested injunction would violate principles of federalism and the *Rooker-Feldman* doctrine.  Dr. Shamieh recently obtained a judgment against two defendants, not parties to this suit, in a case in the Louisiana Office of Worker's Compensation.  These defendants were found by the agency to have improperly discounted Dr. Shamieh's medical bills using the CCN network.  In that litigation,[27] CCN, also not a party to the suit,[28] disputed the defendants' right to access its network.  CCN has appealed that judgment to the Louisiana Third Circuit Court of Appeal.

In *Rooker,* plaintiffs previously defeated in state court filed suit in Federal District Court alleging that the adverse state-court judgment was unconstitutional.[29]  Plaintiffs sought to have the

---

[27]  *Shamieh v. Liquid Trasnport Corp.,* Case No. 05-4552.

[28]   In its appeal to the Third Circuit Court of Appeal attached to the Defendant-providers' opposition to the Motion for Permanent Injunction, the court ascertains the following regarding CCN's participation in the *Shamieh* litigation in the Office of Workers' Compensation ("OWC") as follows: CCN filed a motion to intervene which was denied by the Hearing Officer.  CCN appealed to the Third Circuit.  CCN argued that its interests in the OWC case were such that Plaintiff was required to add it as a party/defendant.  On appeal, the Third Circuit agreed, ruled the first trial an absolute nullity, and remanded the case back to the OWC.  The Third Circuit ordered that CCN be joined as a defendant.  Even though the Third Circuit ruled that CCN should have been joined as an indispensable party, Plaintiff (Shamieh) filed a "Supplemental And Amending Disputed Claim for Compensation" and attempted to join CCN as an "intervening" party, instead of a defendant as ordered by the Third Circuit.  Because there is no basis in Louisiana law for one party to join another party as an "intervenor" or as an intervening party, CCN filed a motion to strike or alternatively an exception of improper cumulation or joinder and/or no cause of action in an attempt to remove CCN as an intervenor.  The OWC dismissed CCN as an intervenor, but allowed CCN to participate in the trial without the benefit of discovery.

[29]  263 U.S. at 414-415, 44 S.Ct. 149.

7

state-court judgment declared "null and void."[30]   *Rooker* recognized that Federal District Courts are empowered to exercise only original, not appellate, jurisdiction. [31]   The *Rooker* court found that "[b]ecause Congress has empowered this Court alone to exercise appellate authority "to reverse or modify" a state-court judgment, the Court affirmed a decree dismissing the federal suit for lack of jurisdiction."[32]

In *Feldman,* after the District of Columbia's highest court denied their petition to waive a court Rule requiring D.C. bar applicants to have graduated from an accredited law school, two plaintiffs filed federal-court actions.[33]   The Supreme Court concluded that the Federal District Court lacked subject-matter jurisdiction because a review of a final judicial determination of the D.C. high court could be obtained only by it.[34]

In *Exxon Mobil Corporation v. Saudi Basic Industries Corporation,*[35] in analyzing the *Rooker-Feldman* doctrine, the Supreme Court held that the:

> doctrine is confined to cases of the kind from which it acquired its name; cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the federal district court proceedings commenced and inviting district court review and rejection of those judgments. *Rooker-Feldman* does not otherwise override or supplant preclusion doctrine or augment the circumscribed doctrines allowing federal courts to stay or dismiss proceedings in deference to state-

---

[30]   *Id.*

[31]   *Id.,* at 416, 44 S.Ct. 149.

[32]   *Id.,* at 417, 44 S.Ct. 149.

[33]   *Feldman,* 460 U.S. at 476, 103 S.Ct. 1303.

[34]   *Id.*

[35]   544 U.S. 280, 125 S.Ct. 1517 (2005).

8

court actions.[36]

The Court stated that "[w]hen there is parallel state and federal litigation, *Rooker-Feldman* is not triggered simply by the entry of judgment in state court. This Court has repeatedly held that 'the pendency of an action in the state court is no bar to proceedings concerning the same matter in Federal court having jurisdiction.' "[37]   Neither "*Rooker* nor *Feldman* supports the notion that properly invoked concurrent jurisdiction vanishes if a state court reaches judgment on the same or related question while the case remains *sub judice* in a federal court."[38]  In so holding, the Supreme Court recognized that the *ExxonMobil* plaintiffs filed suit in Federal District Court (only two weeks after the state court suit was filed by Saudi Basics Industries Corporation and well before any judgment in state court) to protect itself in the event it lost in state court on grounds that might not preclude relief in the federal venue.[39]  Furthermore, "*Rooker-Feldman* did not prevent the District Court from exercising jurisdiction when ExxonMobil filed the federal action, and it did not emerge to vanquish jurisdiction after ExxonMobil prevailed in the [state] courts."[40]  Accordingly, the Court concludes that the *Rooker-Feldman* doctrine is not applicable to Dr. Shamieh in the instant case.

## CONCLUSION

Based on the foregoing, the motion for permanent injunction will be granted in favor of CCN Managed Care, Inc. Defendant-providers, Dr. Fayez Shamieh, AMC, Southwest Louisiana Hospital

---

[36] *Id.* at 281.

[37] *Id.* at 292. (Citations omitted)

[38] *Id.*

[39] *Id.* at 293-294.

[40] *Id.*

Association, d/b/a Lake Charles Memorial Hospital, Lake Charles Memorial Physician Hospital Organization, England-Masse Clinic, Dr. R. Dale Bernauer, Dr. Kevin Gorin, and Dr. Lynn Foret will be permanently enjoined from re-litigating in any court or administrative agency in the State of Louisiana the issues of (1) whether the Louisiana Worker's Compensation Act, Louisiana Revised Statute § 23:1031, *et seq.* permits discounting below the Louisiana Workers' Compensation Fee Schedule, and (2) whether the CCN provider Agreements are valid and enforceable because as a group purchaser CCN and the agreements of CCN are exempt from the notice provisions of Louisiana Revised Statutes § 40:2203.1.

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 2 ~ day of November, 2009.

JAMES T. TRIMBLE, JR.
UNITED   STATES   DISTRICT   JUDGE

10